Helen Neoma WASHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41700.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

---

Robert B. Maloney, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe Max Hendley, Ben Ellis, Malcolm Dade, Kerry P. FitzGerald and Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, 12 years.

Trial was on July 12, 1966, before a jury on a plea of not guilty. The jury having found appellant guilty, the court assessed her punishment at 12 years.

The testimony of the prosecuting witness, Evelyn Williams, was corroborated by the testimony of state's witness Aubrey Smith. Thereafter Smith was called by the defense and identified himself as the person who had previously testified.

At this time the trial was recessed and in the jury's absence the state moved that the defendant and her counsel be instructed not to mention, refer or allude to the fact that the witness Aubrey Smith may have been convicted on March 25, 1953, or prior thereto.

The court's ruling was: "Put this in the record, the State has filed a motion here with reference to asking the witness Aubrey Smith about whether or not he has been convicted of a felony, and the State has contended that any felony conviction this man had is too remote to be used against him for the purpose of impeaching his testimony; and as I understand, now, it is agreed between the Defendant and the State's attorney and the Defendant's counsel that the felony or felonies involved all occurred, all of the convictions occurred in 1953, on March the 25th, 1953, or prior thereto.

"MR. SNODGRASS: Yes.

"THE COURT: Which makes it twelve years, five months and seventeen days, and if that is entered as an agreement, it is a fact, the Court is going to sustain your motion and instruct the counsel for the Defense not to ask the witness about any felony convictions in the presence of the jury, where they can hear, and I will instruct the witness, if he testifies at any time, not to make any reference to any prior convictions he has had with reference to felonies. You understand that?

"THE WITNESS: Yes, sir.

"THE COURT: You through with this man?

"MR. SNODGRASS: Yes, sir.

"THE COURT: Go outside. Bring the jury in, please."

Thereafter the witness Aubrey Smith was recalled by the state to testify in rebuttal. No attempt to impeach him with his prior convictions was made.

The sole ground of error set forth in appellant's brief is:

"The trial court fell into error when the trial court instructed the defense counsel that he could not impeach the testimony of State's witness, Aubrey Smith, with his prior convictions for felony offenses."

Appellant concedes in his brief that the prior conviction or convictions were "admittedly beyond the general limit of ten years," but points out that expiration of the sentence and not merely the date of conviction applies in determining remoteness.

The record is silent as to when Aubrey Smith's sentence on or prior to March 25, 1953, expired. Appellant contends that the burden was on the state to show the offense, the sentence imposed or the time served on the sentence. This is not the rule on appeal.

The trial court, having heard the agreement of appellant, counsel for the state and counsel for the defendant, sustained the state's objection and gave the instruction requested. In the absence of proof in the record to the contrary, the trial court's finding and ruling are presumed to be correct. 5 Tex.Jur.2d 578, Sec. 381, and cases cited.

The judgment is affirmed.